NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LELAND ANTHONY NEYER; JUNE E. NEYER,

Plaintiffs-Appellants,

v.

GMAC HOMECOMINGS FINANCIAL BANK; et al.,

Defendants-Appellees.

No.   11-15722

D.C. No. 2:09-cv-01671-GEB-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Leland Anthony Neyer and June E. Neyer appeal pro se from the district

court's judgment dismissing their action arising from foreclosure proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Medrano v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Flagstar Bank, FSB*, 704 F.3d 661, 664 (9th Cir. 2012), and we affirm.

The district court properly dismissed the Neyers' action because the Neyers failed to allege facts sufficient to show that any defendant failed to provide a required disclosure under the Real Estate Settlement Procedures Act. *See* 12 U.S.C. § 2605(e) (identifying service-related inquires that require a loan servicer to respond); *see also Medrano*, 704 F.3d at 667 ("[L]etters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e).").

The district court did not abuse its discretion by denying as moot the Neyers' motion for a preliminary injunction. *See Harris v. Bd. of Supervisors*, 366 F.3d 754, 759-60 (9th Cir. 2004) (setting forth standard of review and requirements for a preliminary injunction).

We reject the Neyers' contention that the district court improperly refused to file their "fourth amended complaint." *See* Fed. R. Civ. P. 15(a)(2) (other than amending a pleading once within certain time limits, "a party may amend its pleading only with the opposing party's written consent or the court's leave").

**AFFIRMED.**

2                                                                                      11-15722